UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OSCAR GUILLÉN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | )   NO. 2:05-CV-355 PS |
| v. | ) |
| | ) |
| COX, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Oscar Guillén, Sr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).  *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, *pro se* complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what

would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Guillén alleges that as a pre-trial detainee he was punished without due process. Pre-trial detainees may not be punished without due process of law. *See Bell v. Wolfish*, 441 U.S. 520, 534-36 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless, not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291-92 (7th Cir. 1995).

Mr. Guillén alleges that on March 10, 2004, he was moved from one segregation area to another. Though Mr. Guillén alleges that this transfer was done without cause based on a false conduct report, it is irrelevant why such a transfer was done because movement between segregation units does not require either cause or a due process hearing.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

**SO ORDERED.**

ENTERED: December 12, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
